■ IRENE R. LACKS, Appellant, v KENNETH R. MARCUS et al., Respondents. K. RICHARD MARCUS et al., Plaintiffs, v IRENE R. LACKS, Defendant.— Order of the Supreme Court, New York County, entered June 2, 1978, which denied defendants' motion for an order of preclusion for plaintiff's failure to serve a bill of particulars, but directed service thereof and denied plaintiff's cross motion for vacatur or modification of defendants' demand for the bill of particulars, unanimously modified, without costs and disbursements, on the law and the facts, to grant plaintiff's cross motion to the extent of deleting the requests contained in the demand for the bill of particulars for the names of various witnesses and, as so modified, otherwise affirmed. Plaintiff's time to serve the bill of particulars is extended to 30 days from the date of service upon her of a copy of the order herein, with notice of entry. Although defendants' demand for a bill of particulars contains approximately 150 items, we note that the complaint in the two causes of action, alleges that defendants committed 26 separate acts of malpractice. We agree with Special Term that in this framework the demand for particulars herein is not excessive, burdensome, or oppressive. The demand for the bill of particulars "must be viewed in the light of the pleading it is intended to particularize" (3 Weinstein-Korn-Miller, NY Civ Prac, par

3041.11, p 30-721; see, also, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3041, C3041:4). However, the demand for the names of the individuals to the various conversations between plaintiff and defendant is inappropriate. Concur—Birns, J. P., Fein, Lane, Lynch and Sandler, JJ.